IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marty D. Goodman, | ) | Civil Action No.: 2:00-03205-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| R. Dodge Frederick, Acting Director, | ) | |
| South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Marty D. Goodman, proceeding pro se, filed this action in state court. The defendant removed the case to this Court on October 10, 2000. The case was originally assigned to United States District Judge Matthew J. Perry. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr, for pretrial handling. On October 23, 2000, Magistrate Judge Carr signed an Order notifying the plaintiff of the change of address rule.[1] The Order provides that "if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the Court." The Clerk's file indicates that the change of address Order was mailed to the plaintiff at Evans Correctional Institution. It further reflects that the plaintiff continued to mail the Clerk documents relating to the case from his address at Evans, as shown by envelopes contained in the file.

---

[1] The first two paragraphs of the standard change of address order were adopted by the United States District Judges of this court in the autumn of 1992. The language in those two paragraphs takes into account two unpublished opinions of the Court of Appeals concerning change of address orders issued by district courts: *Brandon v. Marsh*, 943 F.2d 48, 1991 WESTLAW® 164880 (4th Cir., August 26, 1991); and *Snyder v. Hopkins*, 888 F.2d 1387, 1989 WESTLAW® 126742, 15 Fed.R.Serv. (Callaghan) 238 (4th Cir., October 20, 1989).

On April 10, 2006 the case was reassigned from Judge Perry to the undersigned. On April 13, 2006, the notice of case reassignment was mailed by the Clerk to the plaintiff at the address of record, Evans Correctional Institution. The mail was returned to the Clerk as undeliverable on April 13, 2006, with a notation "Released 2004". On June 29, 2006, this Court entered an Order staying the case pending a decision of the South Carolina Supreme Court on a case containing related issues. The Order was mailed to the plaintiff on June 30, 2006 at Evans Correctional, and the mail was returned on July 11, 2006, marked "released". The plaintiff has still failed to notify the Clerk of an address change.

The United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where pro se litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See*, *e.g.*, *Woltz v. Chater*, 74 F.3d 1235, 1996 WESTLAW® 23314 (4th Cir., January 23, 1996); and *cf. In Re Hebron*, 64 F.3d 657, 1995 WESTLAW® 501350 (4th Cir., August 25, 1995)(mandamus relief denied where *pro se* litigant failed to notify district court of his change of address)

Since the plaintiff was apparently released from Evans Correctional in 2004, but has not notified the court of his change of address, the above-captioned case is dismissed with prejudice for failure to comply with the change of address order issued on October 23, 2000 and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

                                      s/R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

May 23, 2007
Florence, SC